**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CIVIL ACTION NO. 5:19-CV-00127-LLK**

**CHRISTOPHER MICHAEL MINTER**                                                                          **PLAINTIFF**

**v.**

**ANDREW SAUL, Commissioner of Social Security**                                                **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for social security disability benefits. The fact and law summaries of Plaintiff and Defendant are at Dockets Number ("DN") 17 and 20. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [DN 10].

Because the Administrative Law Judge's ("ALJ's") decision is supported by substantial evidence and Plaintiff's five arguments are unpersuasive, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

## Discussion

Plaintiff filed for disability insurance benefits under Title II of the Social Security Act. The ALJ found that Plaintiff was not under a disability at any time from March 18, 2015, the alleged onset of disability date, through December 31, 2017, the date Plaintiff was last insured for Title II benefits. [Administrative Record ("AR") at 26]. The ALJ recognized that Plaintiff suffers from severe, or vocationally significant, degenerative disc disease, Crohn's disease, and depression but concluded that (during the relevant period) he retained the ability to perform a significant number of light and sedentary jobs in the national economy. [AR at 12, 24-25].

**The ALJ's not recognizing that Plaintiff suffers from severe, or vocationally significant, psoriatic arthritis and left knee impairment was, at worst, harmless error.**

First, Plaintiff argues that the ALJ erred in not recognizing that he suffers from severe, or vocationally significant, psoriatic arthritis and left knee impairment. [DN 17 at 2].

As noted above, the ALJ recognized that Plaintiff suffers from severe Crohn's disease. [AR at 12]. Psoriatic arthritis and Crohn's disease are both inflammatory disorders involving the immune system. *Ramos v. Comm'r of Soc. Sec.*, No. EDCV07-00849 AJW, 2010 WL 749879, at n. 2 (C.D. Cal. Feb. 28, 2010). Remicade, among other medications, is used to treat these conditions by targeting specific proteins in the body's immune system to help control the development of inflammation. *Id.*

The argument is unpersuasive for four reasons. First, as noted above, Plaintiff was last insured for Title II benefits in December 2017. [AR at 26]. The ALJ found that a December 2017 treatment note indicated that Plaintiff's Crohn's disease was under good control with Remicade. [AR at 20, 45, 920]. Second, while Plaintiff alleges that his psoriatic arthritis would have resulted in a disabling frequency of job absences, his treating physician, K. Brandon Strenge, M.D., completed the Attending Physician Restrictions form in January 2016, recognizing his Crohn's disease but leaving blank the portion of the form that asked whether Plaintiff's impairments likely result in routine absence from work on a monthly basis. [AR at 379]. Third, Plaintiff carries the burden of proving that, during the relevant period (between March 18, 2015 and December 31, 2017), he suffered from an impairment that significantly limited his ability to do basic work activities that lasted or was expected to last for a continuous period of at least twelve months. 20 C.F.R. §§ 404.1509, 404.1522. "When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs," e.g., "[p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling." 20 C.F.R. § 404.1522(b)(1). Plaintiff has neither alleged nor shown that, during the relevant period, his psoriatic arthritis and left knee impairment significantly limited his ability to do basic work activities for twelve months. Fourth, any error was

harmless because Plaintiff has not shown that these impairments preclude performance of the light and sedentary jobs the ALJ found Plaintiff can perform.

**The ALJ did not err in declining to give controlling weight to Dr. Strenge's disabling findings.**

Second, Plaintiff argues that the ALJ erred in not giving controlling weight to Dr. Strenge's disabling findings on the January 2016 Attending Physician Restrictions form. [DN 17 at 17-18 referencing AR at 379]. For example, Dr. Strenge found that Plaintiff cannot complete a 40-hour work week on a sustained basis and can sit continuously for 0 hours in an 8-hour workday, stand continuously for 1 hours in an 8-hour workday, and walk for 0 hours in an 8-hour workday. [AR at 379]. When asked to identify the diagnoses upon which these findings were premised, Dr. Stenge identified the following:

> Crohn's disease, psoriatic arthritis, post motor vehicle accident [MVA] 3/18/15, chronic neck pain, right shoulder and periscapular pain, increasing bilateral shoulder pain and arm radiculopathy with numbness, degenerative disc disease [DDD] C5-C6, chronic back, pain, awaiting pending neck surgery.

*Id.* The neck surgery occurred in February 2016 and was successful. [AR at 380-83].

The ALJ gave Dr. Strenge's disabling findings "little weight" because the treatment notes after the February 2016 neck surgery indicated improvement of symptoms. [AR at 22]. For example, in April 2017, physical exam revealed normal neck and upper extremity function:

> His neck range of motion is well preserved. He rotates about 80 degrees in both directions. He has good flexion and extension. His anterior incision is well approximated. Sensation is intact in all nerve distributions in both upper extremities. He has good strength in the deltoids, biceps, triceps, wrist flexion and wrist extension. Hoffmann's is negative.

[AR at 22 referencing AR at 853]. In September 2017, an MRI and CT scan showed that Plaintiff's "fusion appears solid," with no "loosening of the instrumentation." [AR at 22 referencing AR at 876]. Dr. Strenge did not "see anything … to explain his episodes of back pain," saw no further "surgical options," and recommended pain management. *Id.*

Plaintiff's argument is unpersuasive for two reasons (in addition to those cited by the ALJ and discussed above). First, the ALJ was required to give Dr. Strenge's medical opinion controlling weight only

if it was "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record." 20 C.F.R. § 404.1527(c)(2). Dr. Strenge's diagnoses did not support "0" abilities to sit, stand, and walk, and his finding of complete inability to sit, stand, and walk was inconsistent with his finding that in an 8-hour workday Plaintiff needs to rest, recline or lie down to alleviate pain, fatigue or other symptoms only "occasionally." [AR at 379]. Second, Dr. Strenge's findings did not satisfy the 12-month duration requirement. *See* 20 C.F.R. § 404.1509. Dr. Strenge completed the form in January 2016, he noted that Plaintiff was "awaiting pending neck surgery," the neck surgery occurred in February 2016, and was successful. [AR at 379-83]. Dr. Strenge left blank the portion of the form that asked whether "these restrictions [are] expected to last twelve continuous months." [AR at 379].

**The ALJ's discounting of evidence that would preclude light work was, at worst, harmless error.**

Third, Plaintiff argues that the ALJ "ignores substantial medical and opinion evidence, and erroneously discounts [his] testimony" which, if accepted, would preclude light work. [DN 17 at 3]. *See* Social Security Ruling (SSR) 83-10, 1983 WL 31251, at *5-6 (Sedentary work contemplates 6 hours of sitting per 8-hour workday with standing/walking during the remaining 2 hours, and light work contemplates 6 hours of standing/walking per 8-hour workday with sitting during the remaining 2 hours.). For example, there is evidence of radiculopathy affecting Plaintiff's lower extremities, antalgic gait, MRIs showing degenerate changes, and instability of the left knee, and Plaintiff testified that his Crohn's disease is not under control.

The argument is unpersuasive for three reasons. First, "[a]s a lay person, [neither Plaintiff nor this Court is] qualified to interpret raw medical data in functional terms." *Rudd v. Comm'r*, 531 F. App'x 719, 726 (6th Cir. 2013). "The mere diagnosis of [an impairment] ... says nothing about the severity of the condition." *Lee v. Comm'r*, 529 F. App'x 706, 713 (6th Cir. 2013). Second, any error was harmless because the ALJ found that Plaintiff can perform a significant number of light and **sedentary** jobs in the national

4

economy. (AR at 24-25). Third, Plaintiff's testimony was in May 2018, after the December 2017 date last insured, and the ALJ found that in December 2017 Plaintiff's Crohn's disease was under good control with Remicade. [AR at 20, 45, 920].

**The ALJ's finding that Plaintiff should have a job with easy access to a bathroom was legally adequate.**

Fourth, Plaintiff argues that the ALJ's finding that he "should have a job with easy access to a bathroom" was legally inadequate. [DN 17 at 2 referencing AR at 15].

The vocational expert ("VE") clarified that Plaintiff would be unemployable if the "easy access to a bathroom actually turned into like a 10 or 15 minute break a couple of times a day outside the normal break periods" (i.e., morning break, lunch break, afternoon break) on a "pattern" basis. [AR at 79-80]. Plaintiff has neither alleged nor shown that, even when taking his prescribed medication, he requires a disabling frequency and duration of bathroom breaks on an ongoing basis. On the contrary, in May 2018, he testified that during the last two to three months he was experiencing constipation. [AR at 45, 61-64].

**The ALJ did not err in evaluating Dr. Sallee's comment.**

Fifth, Plaintiff argues that the ALJ erred in discounting the comment of his treating psychiatrist John Salle, M.D., that Plaintiff "has been doing better recently, but depression can become severe at times with psychotic features, these may be marked or extreme then." [DN 17 at 14 referencing AR at 1103.]

The argument is unpersuasive for two reasons. First, the comment is on the standard mental assessment form in which Dr. Sallee rated Plaintiff's limitations as slight and moderate in all 20 areas. [AR at 1102-03]. The ALJ gave Dr. Sallee's opinion "great weight." [AR at 23]. Second, the "at times" marked and extreme psychotic features do not satisfy the 12-month duration requirement. *See* 20 C.F.R. § 404.1509.

5

**Order**

Because the Administrative Law Judge's ("ALJ's") decision is supported by substantial evidence and Plaintiff's five arguments are unpersuasive, the Commissioner's final decision is hereby AFFIRMED and Plaintiff's complaint is DISMISSED.

June 4, 2020

Lanny King, Magistrate Judge
United States District Court